**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

ARTURO PLIEGO-DUARTE, :
BOP REG. NO. 52754-019, : CRIMINAL INDICTMENT NO.
   Movant, : 1:01-CR-534-1-TWT
 :
v. : CIVIL FILE NO.
 : 1:09-CV-1571-TWT
UNITED STATES OF AMERICA, :
   Respondent. :

## ORDER AND OPINION

Movant Arturo Pliego-Duarte ("Movant") seeks via 28 U.S.C. § 2255 to vacate the 360-month sentence he received for his conviction in this Court of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 500 kilograms of methamphetamine. The matter is before this Court on the 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence [Doc. 576]; the Government's answer-response [Doc. 589]; Movant's reply [607]; and Movant's motion for leave to file excess pages for reply brief [Doc. 608].

I. Background

On July 24, 2001, a federal grand jury sitting in the Northern District of Georgia returned a thirty count indictment charging Movant and nine others with

several drug trafficking and firearm offenses. (Doc. 1.) On April 8, 2002, Movant pled guilty, pursuant to a negotiated plea agreement, to the charge of conspiracy to possess with intent to distribute at least five kilograms of cocaine and at least 500 kilograms of methamphetamine (count one). (Doc. 179.) As part of the plea agreement, Movant waived his right to appeal or to collaterally attack his sentence unless the imposed sentence was an upward departure from the sentencing guidelines. (Id., attached plea agreement at 5.) On June 17, 2002, Movant was sentenced to 360 months imprisonment to be followed by ten (10) years of supervised release. (Doc. 212.) On June 18, 2002, the Judgment and Commitment Order was entered. (Doc. 213.)

On June 16, 2003, Movant filed his first 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. (Doc. 302.) On September 27-28, 2004, an evidentiary hearing was held on this motion to vacate sentence, and on August 22, 2005, the motion was denied. (Docs. 367, 368 and 407.) Movant appealed this Court's denial of his motion to vacate sentence, and on October 5, 2006, the United States Court of Appeals for the Eleventh Circuit remanded Movant's motion to vacate sentence to this Court with instructions to grant Movant an out-of-time

appeal. Pliego-Duarte v. United States, Case No. 05-14916 (11th Cir. Oct. 5, 2006). (Doc. 485.)

On December 20, 2006, this Court re-entered the Judgment and Commitment Order. (Docs. 487 and 488.) On December 21, 2006, Movant filed a notice of appeal. (Doc. 489.) On February 20, 2008, the Eleventh Circuit affirmed Movant's conviction and sentence. United States v. Pliego-Duarte, Case No. 06-16596, 265 Fed. Appx. 861 (11th Cir. Feb. 20, 2008). (Doc. 517.) On June 9, 2008, the Supreme Court denied Movant a writ of certiorari. Pliego-Duarte v. United States, __ U.S. __, 128 S. Ct. 2918 (June 9, 2008).

On July 28, 2008, Movant filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 529.) This motion was related to Amendment 706 of the Sentencing Guidelines, which reduced the base offense levels applicable to cocaine base ("crack") offenses. See U.S.S.G., App. C, Amend. 706 (March 3, 2008). On December 8, 2008, that motion was denied. (Doc. 554.) On June 8, 2009, the Eleventh Circuit Court of Appeals affirmed the denial of Movant's motion for reduction of sentence. United States v. Pliego-Duarte, Case No. 08-17196 (11th Cir. June 8, 2009). (Doc. 581.)

3

On the same day, June 8, 2009, Movant filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence. (Doc. 576.) Movant raises the following grounds for relief:

1. conviction obtained by a plea of guilty which was not made voluntarily or with an understanding of the nature of the charges and consequences due to ineffective assistance of counsel, and Movant did not voluntarily waive his right to appeal;

2. conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure;

3. Movant was denied the effective assistance of counsel; and

4. Movant was denied the right to appeal.

(Id. at 4-8.) As relief, Movant asks this Court to set aside his conviction and sentence. (Id. at 12.)

On August 10, 2009, the Government filed its response in opposition to the motion to vacate sentence. (Doc. 589.) The Government contends that Movant (1) voluntarily and knowingly pled guilty and waived his right to appeal and to collaterally attack his sentence, and (2) his remaining claims are waived. (Id., throughout.)

4

On November 12, 2009, Movant filed a reply to the Government's response. (Doc. 607.) On November 16, 2009, Movant filed a motion for leave to exceed the page limit for his reply brief. (Doc. 608.)

II.   The Standard of Review

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is a "well-settled principle that to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982).

An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true,

a hearing is not required if the record conclusively demonstrates that no relief is warranted). Thus, no hearing is required where, as here, the case is ready for disposition.

III. Discussion

A. Ground One

In ground one, Movant contends that he pled guilty involuntarily and without an understanding of the nature of the charges and the consequences of his plea due to ineffective assistance of counsel. Movant also claims that he did not voluntarily waive his right to appeal.

In support, Movant provides a detailed account of his version of a conversation he had with counsel prior to entering the plea agreement and attending the plea hearing. (Doc. 576-2, supporting brief at 15-20.) The salient portions of Movant's narrative include: (1) him believing that a 20-year sentence was reasonable; (2) not understanding how the Government could bring in evidence of a gun found at his home, his leadership role in the conspiracy, and the total amount of narcotics in the conspiracy to seek a greater sentence; (3) believing that by given full credit for acceptance of responsibility he would still receive a

6

sentence of no more than 240 months; (4) informing counsel that Movant was only pleading guilty to the drug amounts alleged in count one of the indictment; (5) counsel should have hired a sentencing guideline specialist prior to entering into a plea agreement; (6) counsel should have called the Mexican Consulate, so someone could explain to Movant that pleading guilty exposed him to a life sentence; and (7) neither counsel nor the translator informed him that the Government had evidence of additional drug amounts. (Id.) The Government contends that the plea agreement and the record of the plea hearing demonstrate that ground one is without merit. (Doc. 589 at 4-18.)

The Eleventh Circuit Court of Appeals reviewed the claim that Movant's "guilty plea was invalid because he did not waive his Sixth Amendment right to have the facts supporting his firearm and leadership-role sentencing enhancements found by a jury beyond a reasonable doubt." Pliego-Duarte, 265 Fed. Appx. at 863. The Eleventh Circuit concluded that this alleged "error implicates sentencing rights, not the establishment of guilt or compliance with Federal Rule of Criminal Procedure 11." Id. at 864. Thus, Movant failed on appeal to demonstrate that his guilty plea was unknowing and involuntary. Id. In so ruling, the Eleventh Circuit

declined to address Movant's claim that counsel was ineffective in negotiating the plea agreement. Id. at 863 n.1.

Generally, it is appropriate to raise a claim of ineffective assistance of defense counsel in a § 2255 motion to vacate sentence. United States v. Perez-Tosta, 36 F.3d 1552, 1563 (11th Cir. 1994). One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," and a reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland v. Washington, 466 U.S. 668, 689-90 (1984). However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Id. at 691. In order to demonstrate that counsel's unreasonable performance rendered Movant's guilty plea unknowing and involuntary, he is required to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

8

A review of the record demonstrates that Movant voluntarily pled guilty with a full understanding of the charges and the consequences. First, the plea agreement Movant signed stated: (1) the maximum penalty was life imprisonment; (2) the Government may recommend any sentence within the applicable guideline range up to the maximum sentence; (3) the Government would recommend that Movant receive a two-level adjustment for acceptance of responsibility; (4) the Government would seek a two-level enhancement for possession of a firearm; (5) the Government would seek a four-level enhancement for Movant's aggravating role in the offense; (6) the Government would not pursue further criminal charges related to the crime for which Movant will plead guilty; and (7) the Government has the right to inform the Court and Probation Office of all facts and circumstances related to Movant's case. (Doc. 179, plea agreement at 2-4.)

In addition to signing the plea agreement, the Government gave the following explanation of the elements of the crime charged in count one during the plea hearing:

> The defendant is pleading guilty to a violation of Title 21, United States Code, Section 846, which charges conspiracy to possess with intent to distribute and to distribute controlled substances, specifically, cocaine and methamphetamine. The government would be required to prove that two or more persons came to an agreement

9

> or understanding to possess and to distribute controlled substances as charged in the indictment, that the defendant was a knowing and willful participant in that conspiracy, and in this particular case, Your Honor, that the overall conspiracy involved at least five kilograms of cocaine and at least 500 grams of methamphetamine.

(Doc. 304, plea hearing transcript at 13-14.) Movant stated under oath that he understood the charge, and in his own words, through a translator, testified that the charge involved "distributing methamphetamine, cocaine." (Id. at 14.) Relatedly, Movant also testified that no one had made any promises to him apart from the plea agreement, no one had threatened adverse consequences if he did not plead guilty, he had sufficient time to discuss the matter with counsel, and he was satisfied with counsel's representation. (Id. at 11-13.)

This Court then informed Movant that he was "subject to a 20-year mandatory minimum sentence of imprisonment and a sentence up to life in prison." (Id. at 17.) This Court also told Movant that it was "not possible to determine the guidelines for your case until after the presentence report has been completed and you and the Government have had an opportunity to challenge the facts reported by the probation officer in the presentence report." (Id.) Movant testified that he understood these sentencing facts. (Id.)

10

"There is a strong presumption that the statements made during the [guilty plea] colloquy are true." United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994); United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005) ("in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established"). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (citing Boykin v. Alabama, 395 U.S. 238, 243-44 (1969)). Here, Movant's testimony at the plea hearing demonstrates that he understood the factors necessary for making a knowing and voluntary guilty plea, and he offers no reason to doubt the truthfulness of his testimony.

Movant does claim that he only intended to plead guilty to drug quantities of five kilograms of cocaine and 500 kilograms of methamphetamine. (Doc. 576-2, supporting brief at 21-22.) Movant also claims that he did not understand that he was facing a life sentence, counsel admitted to not understanding the guidelines, and counsel had to hire a guideline specialist for sentencing. (Id. at 22-23.)

11

Assuming the truth of these assertions, Movant cannot demonstrate ineffective assistance of counsel. When a "trial judge clearly explained the potential maximum sentence," a defendant cannot be prejudiced by counsel's allegedly erroneous advice. Matthews v. United States, 114 F.3d 112, 114 (8th Cir. 1997); see also Cruz v. United States, 188 Fed. Appx. 908, 914 (11th Cir. July 11, 2006) (no ineffective assistance of counsel where the "court [] explained to her the maximum penalties and that the sentence imposed could be different from any estimate given to her by her lawyer or anyone else") (unpublished opinion). Additionally, as noted by the Eleventh Circuit, drug quantity is a sentencing factor. Thus, the fact that for sentencing purposes the actual amount of drugs involved in the crime was contested does not invalidate the guilty plea. Pliego-Duarte, 265 Fed. Appx. at 864. Movant's testimony at the plea hearing and the plea agreement show that he validly pled guilty, and he did not plead guilty due to ineffective representation. This portion of ground one is without merit.

Movant also claims that his appeal waiver was involuntary. (Doc. 576-2, supporting brief at 23.) In support, Movant complains that this Court "failed to discuss the specific terms of the [appeal] waiver." (Id.) During the plea hearing, all of the key elements of the plea agreement and appeal waiver, including the

12

waiver of the right to collaterally attack his sentence, were described, and Movant agreed with the description. (Doc. 304, plea hearing transcript at 7-12.) This Court specifically asked Movant if he understood that he was waiving his right to appeal unless there is an upward departure from the guidelines, and he testified that he understood. (Id. at 18.) As previously stated, Movant's testimony at the plea hearing is presumed true.

In his reply, Movant contends that the Eleventh Circuit "never decided the appeal waiver on its merit." (Doc. 607 at 9.) Contrary to Movant's claim, the Eleventh Circuit reviewed the merits of Movant's arguments raised to support his claim that he did not validly waive his right to appeal, and concluded that Movant "knowingly and voluntarily entered into his sentence appeal waiver, the sentence appeal waiver is enforceable." Pliego-Duarte, 265 Fed. Appx. at 864-65; see also United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ( a "district court is not required to reconsider claims of error that were raised and disposed of on direct appeal").

For all of these reasons, Movant validly waived his right to appeal. This portion of ground one is also without merit.[1]

B. Ground Two

In ground two, Movant claims that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Movant challenges the gathering of evidence obtained by (1) wiretapping allegedly without necessity and (2) searching Movant's residence and seizing a firearm without the affidavit accompanying the search warrant mentioning that item. (Doc. 576-2, supporting brief at 63.)

By pleading guilty, Movant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Broce, 488 U.S. 563, 569 (1989) ("when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry

---

[1] In his supporting brief, Movant appears to implicitly claim ineffective assistance of counsel during sentencing as part of ground one. (Doc. 576-2, supporting brief at 26-32.) This claim will be addressed in Movant's third ground for relief.

14

is ordinarily confined to whether the underlying plea was both counseled and voluntary"); United States v. Patti, 337 F.3d 1317, 1320 (11th Cir. 2003) ("a voluntary, unconditional guilty plea waives all nonjurisdictional defects in the proceedings"). The reason for this rule is that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." Tollett, 411 U.S. at 267. This rule applies even if "counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts" or failed to "pursue[] a certain factual inquiry . . . . [which] would have uncovered a possible constitutional infirmity in the proceedings." Id. Accordingly, Movant is not entitled to have the merits of ground two reviewed. See, e.g., United States v. Aguilar, 196 Fed. Appx. 837, 838 (2006) (concluding that by pleading guilty, "Aguilar waived his right to appeal . . . the legality of the search") (unpublished opinion).

    C.    Ground Three

In ground three, Movant raises the following claims of ineffective assistance of counsel:

    1.    trial counsel failed to move for suppression of the evidence;

15

2. trial counsel had a conflict with the Assistant United States Attorney which prevented meaningful negotiation;

3. trial counsel filed three meritless pre-trial motions;

4. trial counsel failed to appeal the denial of the motion for continuance;

5. trial counsel failed to contact the Mexican Consulate to resolve Movant's misunderstandings of the consequences of pleading guilty;

6. counsel failed to object to the drug quantities in the presentence report, failed to argue properly that the gun enhancement should not have been imposed, and failed to argue that the aggravated role enhancement was being applied unconstitutionally; and

7. court-appointed counsel failed to render effective assistance in pursuing Movant's first § 2255 motion to vacate sentence.

(Doc. 580-2,[2] supporting brief at 78, 80-83, 87, 90-91, and 122-23.)

Claims one through four concern matters which occurred prior to Movant pleading guilty. Therefore, this Court need not review these claims of ineffective assistance of counsel, because they do not address "the voluntary and knowing nature of the plea." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992).

---

[2] Movant filed the first portion of his supplemental brief on June 10, 2009, and the second portion of the brief on June 26, 2009. (Docs. 576-2 and 580-2.)

16

The fifth claim of ineffective assistance of counsel is a restatement of ground one. For the reasons previously given, this claim is without merit.

In his sixth claim of ineffective assistance, Movant contends that counsel provided deficient representation during sentencing. As previously discussed, Movant waived his right to appeal or to collaterally attack his sentence unless it was an upward departure from the sentencing guidelines. "A valid sentence-appeal waiver . . . precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005). Therefore, Movant is precluded from challenging counsel's effectiveness during sentencing.

The seventh claim of ineffective assistance of counsel concerns the representation of counsel appointed to assist Movant in his first § 2255 proceeding. Movant has no constitutional right to counsel in collateral proceedings. Golston v. Attorney General of State of Alabama, 947 F.2d 908, 911 (11th Cir. 1991). Instead, "the right to appointed counsel extends to the first appeal of right, and no further." Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Consequently, any

17

ineffectiveness on the part of counsel during the first motion to vacate sentence does not provide a basis for setting aside Movant's conviction or sentence. Id.

In his reply, Movant maintains that he may raise these claims of ineffective assistance, as well as all of his grounds for relief, pursuant to McIver v. United States, 307 F.3d 1327 (11th Cir. 2002). McIver held that, after being granted an out-of-time appeal in an initial § 2255 motion to vacate sentence, a second motion to vacate sentence filed after completion of the direct appeal process is not considered a successive petition governed by 28 U.S.C. § 2255(h). McIver, 307 F.3d at 1331-32. Neither the Government nor this Court has treated this motion to vacate sentence as a successive one.

### D. Ground Four

In ground four, Movant alleges that he was denied the right to appeal. Movant argues that the two enhancements to his sentence constituted an "upward adjustment imposed during sentencing." (Doc. 580-2, supporting brief at 124.) Movant claims that counsel, the Government, and this Court led him to believe he could appeal these upward adjustments. (Id.)

Movant was previously granted an out-of-time appeal. Additionally, the enhancements to his sentence were used to determine the appropriate sentence

18

range under the guidelines and did not represent an upward departure from the sentence recommended by the guidelines. In fact, Movant's sentence of 360 months was at the low end of sentencing range under the guidelines. (Doc. 305, sentencing hearing transcript at 41-47.) Finally, this Court never informed Movant that he could appeal his sentence based on the enhancement. (Id., throughout.) Ground four provides no basis for granting Movant relief.

IV. Certificate of Appealability

Pursuant to Rule 22(b)(1) of the Rules of Appellate Procedure, "the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability ("COA") under 28 U.S.C. § 2253(c)." "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" seeking federal habeas corpus relief. Rule 11(a) of the Rules Governing 2254 Cases (Dec. 1, 2009).

Title 28 U.S.C. § 2253(c)(2) provides that a certificate of appealability shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." An applicant satisfies this standard when he demonstrates "that reasonable jurists could debate whether (or, for that matter, agree that) the

petition should have been resolved in a different manner. . . ." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation omitted).

The record and controlling authority establish that Movant knowingly and voluntarily pled guilty and waived his right to appeal or to collaterally attack his sentence. Movant is barred by controlling case law from challenging the effectiveness of counsel during sentencing, and he was previously granted an out-of-time appeal. Therefore, Movant would not be able to demonstrate "a substantial showing" of being denied "a constitutional right." Movant should be denied a certificate of appealability.

V. Conclusion

**IT IS ORDERED** that the instant 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentence [Doc. 576] is **DENIED**. Movant's motion for leave to file excess pages for reply brief [Doc. 608] is **GRANTED** nunc pro tunc to November 16, 2009. Movant is **DENIED** a certificate of appealability.

SO ORDERED, this 13 day of January, 2010.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge